<hr />

## THOS. MOORE *v.* R. M. HOPKINS.

Neither party to a contract can maintain an action for damages for its violation, without showing a readiness and ability to comply with his own engagements under the contract.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Singleton & Clack*, for plaintiff. *Clarke & Bayne*, for defendant and appellant.

VOORHIES, J. The present controversy grows out of a contract to carry freight,—a thousand bales of cotton,—at the rate of five dollars per bale, from the port of Rolland, Texas, to the city of New Orleans.

The plaintiff, who commanded a steamboat, obligated himself to take the cotton on board of his boat, and, should the waters not permit, to construct two barges for that purpose. It was also agreed that, should the cotton be carried on the barges, insurance should be effected, as if the same were carried on steamboat.

MOORE
v.
HOPKINS.

The plaintiff contends, that there was an active violation of this contract on the part of the defendant, and that, in consequence, the latter is bound absolutely for the amount stipulated for freight.

The answer sets up a reconventional demand for damages, averring that the contract was broken by the plaintiff. So far as this party is concerned, it is evident that he cannot recover, unless he shows that, on his part, he has complied with all his engagements as lay within his power. But this he has not done; for he could not procure insurance upon the freight to the extent stipulated. The insurance company would not insure, except for two-thirds of the risk, and the owner to be his own insurer for one-third; and, besides, the company limited to four hundred in all the number of bales to be carried on each barge. The plaintiff was not in readiness in two particulars : first, as regards the question of insurance, and secondly, as regards the quantity of cotton to be carried; his action must, therefore, fail.

The defendant, on the other hand, did not suffer any damages resulting from the inability of the plaintiff to comply strictly with the terms of the contract. He shipped his cotton by the first opportunity of which he could avail himself, and even stated that *Captain Moore* should not thereby be a loser, for he (defendant) would provide him with other cotton.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed; and that the plaintiff's demand, and the defendant's claim in reconvention be rejected, the plaintiff paying costs in both courts.